William R. NODINE,
Plaintiff, Appellant,

v.

TEXTRON, INC., et al.,
Defendants, Appellees.

No. 86–1461.

United States Court of Appeals,
First Circuit.

Argued Nov. 4, 1986.

Decided May 26, 1987.

John Silvia, Jr., with whom Long & Silvia, Fall River, Mass., was on brief, for plaintiff, appellant.

William R. Grimm, with whom Hinckley, Allen, Tobin & Silverstein, Providence, R.I., was on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, TORRUELLA, Circuit Judge, and PIERAS,* District Judge.

TORRUELLA, Circuit Judge.

This case concerns a standing requirement of the civil damages provision of the RICO Act, namely that the plaintiff be harmed "by reason of" a criminal RICO violation. 18 U.S.C. § 1964(c).[1] We hold that, on the facts of this case, an employee discharged for reporting a criminal violation of his employer lacked standing to sue that employer under the RICO Act. The discharge was not "by reason of" the RICO violations alleged. Accordingly, we affirm the dismissal of the case.

*Background*

In reviewing the dismissal of this case we, of course, assume the facts to be as plaintiff alleges. Beginning in 1978 William Nodine was area manager for Canada in the Speidel division of Textron, Inc. In that capacity he discovered that Speidel routinely violated Canadian customs laws by undervaluing goods shipped to Canada. He reported these violations to his superiors in 1978 and 1979, and then to the Tex-

---

* Of the District of Puerto Rico, sitting by designation.

1. 18 U.S.C. § 1964(c) provides:
   Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

tron legal department. Nevertheless, the violations continued.

Beginning in 1980 Textron required its international employees to sign internal compliance letters indicating whether they knew of any violations of Textron policy or the Foreign Corrupt Practices Act, 15 U.S.C. § 78a *et·seq.* Nodine signed a compliance letter stating he was aware of Canadian Customs violations. The director of finance of Speidel asked him to change his statement. He refused, and was then subjected to harassment at work. Speidel passed over him in making promotions and awarding salary increases and then discharged him in March 1981.

*Proceedings Below*

William Nodine filed this suit in federal district court in Rhode Island in March 1985 seeking treble damages and attorneys' fees under the civil damages provision of the RICO Act, 18 U.S.C. § 1964(c). He alleged violations of the Foreign Corrupt Practices Act as the underlying criminal RICO violation predicate to civil RICO recovery. The case went to a magistrate who recommended that it be dismissed. Nodine then filed an amended complaint naming the violation of three federal criminal statutes as predicate offenses: 18 U.S.C. §§ 1503 (obstruction of justice by corruption or force), 1510 (obstruction of a criminal investigation by bribery), and 1951 (interference with commerce by threats or violence). Before the magistrate could consider the amended complaint, however, Nodine filed a second amended complaint that added the predicate offenses of mail and wire fraud. 18 U.S.C. §§ 1341, 1343.

The magistrate found that the complaint stated indictable § 1510 violations sufficient to survive the motion to dismiss. The district court rejected the magistrate's recommendation, however, and dismissed the complaint. Nodine had alleged no bribery sufficient to support a § 1510 indictment; his mail and wire fraud allegations failed

for lack of particularity under Fed.R.Civ.P. 9(b); and he had waived the other two statutory offenses.

Plaintiff then filed a motion for reconsideration and a motion to amend the complaint to permit him to cure the particularity problems of the fraud allegations. In the motion for reconsideration, he waived the § 1510 allegations. The district court denied the motions. Nodine appeals both the dismissal and the denial of the motion to amend.

*Discussion*

18 U.S.C. § 1964(c) provides a private cause of action for treble damages and attorneys' fees to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter...." [2] We assume that discharge from employment is an injury to "business or property." That assumption leaves the requirement that the injury follow "by reason of a violation of section 1962" as the focus of this appeal.

This requirement has two parts: First, that there be a violation of § 1962, and second, that the violation cause the injury. *See Haroco v. American National Bank and Trust Company,* 747 F.2d 384, 398 (7th Cir.1984), *aff'd American National Bank and Trust Co. v. Haroco,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). The district court dismissed the case based on the first part: failure to allege an indictable violation of § 1962. We decide on the basis of the second part, causation.

The Supreme Court has framed the causation requirement as one of standing. Under § 1964(c) a "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property *by the conduct constituting the violation.*" *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 105 S.Ct. 3275, 3285–86, 87 L.Ed.2d 346 (1985) (emphasis

---

**2.** 18 U.S.C. § 1962 defines the underlying criminal violation that is predicate to civil recovery ·under § 1964(c). Section 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect,

interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

supplied). The RICO Act provides no cause of action to individuals injured by acts other than criminal RICO violations. *See Haroco v. American National Bank and Trust Co.,* 747 F.2d at 398 ("[a] defendant who violates section 1962 is not liable for treble damages to everyone he might have injured by other conduct"); *Bankers Trust Co. v. Rhodes,* 741 F.2d 511, 516 (2d Cir.1984) ("plaintiff ... must prove that defendants' violation caused the injury").

 William Nodine claims that he was injured by RICO violations. But a careful analysis of his complaint shows that he was not. According to Mr. Nodine, defendants took various steps to violate Canadian customs laws and to cover up these illegal acts. The indictable offenses alleged are mail and wire fraud, obstruction of justice, obstruction of a criminal investigation, and interference with commerce. None of these alleged offenses harmed Nodine in his business or property.[3] His injury resulted from Textron's decision to fire him after he reported the customs scheme to his superiors. Firing Nodine under these circumstances was wrong, but it did not violate the RICO Act. Thus, William Nodine was not "injured in his business or property by the conduct constituting the violation." *Sedima,* 105 S.Ct. at 3286. Accordingly, he lacked standing to bring a RICO suit. *See Morast v. Lance,* 807 F.2d 926, 932–33 (11th Cir.1987) (employee fired for reporting a banking irregularity and cooperating with a subsequent investigation lacks standing under civil RICO because his discharge "did not flow directly from the predicate acts").

*Conclusion*

We affirm the dismissal of Nodine's complaint. We hold that on the facts of this case plaintiff has not plead an injury that resulted from the predicate offenses alleged. We also conclude that the district court did not abuse its discretion by denying Nodine's motion to amend the complaint.

The decision of the district court is *affirmed.*

---

3. Nodine's allegation of obstruction of a criminal investigation comes closest to satisfying the injury requirement imposed by *Sedima*. He expressly waived this claim below, however. Even had he not, on the record before us it would be entirely speculative to conclude either that Nodine was attempting to communicate with a criminal investigator or that Textron had violated a federal law, both of which are elements of the crime of obstruction of justice. *See* 18 U.S.C. § 1510. Thus, we do not find this claim sufficient to support Nodine's RICO action.