D. Lawrence **BURDICK,** Plaintiff,

v.

**AMERICAN EXPRESS COMPANY,** Defendant.

No. 87 Civ. 3199 (EW).

United States District Court, S.D. New York.

Jan. 25, 1988.

Liddle & O'Connor, New York City, for plaintiff; Andrew S. O'Connor, Paul T. Shoemaker, of counsel.

Wilkie Farr & Gallagher, New York City, for defendant; Gerald Kerner, Grant Haskell, Brett F. Summers, of counsel.

## OPINION

BRIEANT, Chief Judge.

Plaintiff was formerly a Vice President of Shearson Lehman Brothers, Inc., a wholly owned subsidiary of the defendant American Express Company. Plaintiff brings this action under RICO, 18 U.S.C. § 1964(c). The predicate acts alleged are mail and securities fraud based on the alleged mishandling of dividends, interest, and commissions. Defendant moves to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and for failure to plead fraud with particularity under Fed.R. Civ.P. 9(b).

Because this is a motion to dismiss, the facts, as stated in the complaint, must be taken as true and all doubts resolved in favor of the plaintiff.[1] In July 1982, plaintiff was hired as a Vice President by Shearson Lehman Bros. Prior to that time, he had been a Vice President of Smith Barney Harris Upham where, as a registered representative/account executive, he had developed a substantial client base.

At Shearson, plaintiff alleges that he learned of various questionable practices engaged in by Shearson. For example, when Shearson received dividends and interest on securities held in street name by Shearson for the benefit of its customers, Shearson allegedly failed to credit them to its customers' accounts for approximately six to nine days, thereby earning millions of dollars of interest. Although plaintiff gave instructions that such funds be made available to the customers, Shearson allegedly refused to do so for several days after receiving them. Furthermore, plaintiff alleges that Shearson encouraged its registered representatives to recommend to their customers certain transactions, the sole purpose of which was to earn excess commissions. Plaintiff complained about these practices to Shearson officials on numerous occasions. On June 29, 1984, plaintiff was fired from Shearson.

Plaintiff contends that he was fired in retaliation for his complaints about Shearson's illegal activities, and in order for Shearson to acquire his valuable client base for itself. Plaintiff's claim is that he was injured by the loss of his client base due to Shearson's pattern of securities and mail fraud. Plaintiff prays for damages in the amount of $3,150,000 for injuries to his business and property, which when trebled amounts to $9,450,000.

Section 1964(c) of Title 18 of the United States Code authorizes private actions for treble damages for "[a]ny person injured in his business or property by reason of a violation of [the RICO Act's substantive provisions]." In *Sedima, S.P.R.L. v. Imrex Co.*, the Supreme Court stated that "a plaintiff only has standing [under § 1964(c)] if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation.... [T]he compensable injury necessarily is the harm caused by predicate acts...."[2] "The RICO Act provides no cause of action to individuals injured by acts other than criminal RICO

---

1. *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

2. 473 U.S. 479, 496–97, 105 S.Ct. 3275, 3285–86, 87 L.Ed.2d 346 (1985).

violations."[3]

The predicate acts that plaintiff alleges Shearson engaged in were frauds directed at Shearson customers, not at the plaintiff. It was the customers whose interest and dividends were allegedly withheld and it was the customers who were allegedly induced into transactions for the sole purpose of generating commissions. Plaintiff's alleged injuries—his loss of his job and of his client base—did not flow directly from the predicate acts. Plaintiff was not injured "by reason of" Shearson's alleged fraud and therefore has no standing to bring a civil RICO suit.[4] Defendant's motion to dismiss the action is accordingly granted.

The Clerk shall enter final judgment.

So ordered.

---

**3.** *Nodine v. Textron, Inc.,* 819 F.2d 347 (1st Cir. 1987); *Haroco v. American Nat'l Bank & Trust Co.,* 747 F.2d 384, 398 (7th Cir.1984), *aff'd,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437.

**4.** *Nodine v. Textron, Inc.,* 819 F.2d 347 (1st Cir. 1987); *Morast v. Lance,* 807 F.2d 926 (11th Cir. 1987).