USCA1 Opinion

 

 November 21, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1055  WILLIAM GABOVITCH, ETC., Plaintiff, Appellant, v. MAURICE SHEAR, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ William Gabovitch on brief pro se. _________________ Brian A. Davis, Julie B. Brennan, and Choate, Hall & Stewart on ______________ ________________ _______________________ brief for appellees. ____________________ ____________________ Per Curiam. Pro se plaintiff William Gabovitch, a ___________ certified public accountant and non-practicing attorney, served for nearly eighteen years as a co-trustee of two irrevocable inter vivos trusts created by Maurice Shear. In 1992, in connection with litigation filed in 1987 by Gertrude Shear (Maurice's wife and the contingent life beneficiary of the trusts), a state court judge removed plaintiff from his position as trustee and ordered him to pay substantial damages because of his mismanagement of the trusts. Plaintiff's appeal from that decision remains pending in state appellate court. Claiming that the allegations of mismanagement were frivolous and that his removal had been fraudulently obtained, plaintiff pursued various collateral actions in state court--all without avail. He then turned to federal court, filing the instant civil RICO action against the Shears (and others), seeking injunctive relief and damages on behalf of both himself and the trusts. See 18 ___ U.S.C. 1964(c). The district court, following a hearing, dismissed the complaint for failure to state a claim. Having reviewed the record in full, and having construed the complaint in the light most favorable to plaintiff, see, ___ e.g., Feinstein v. Resolution Trust Corp., 942 F.2d 34, 37 ____ _________ ______________________ (1st Cir. 1991), we now affirm.1  ____________________ 1. While we have accepted all well-pled allegations in the complaint as true and drawn all reasonable inferences in plaintiff's favor, there is an inconsistency in his -3- Extended discussion is unnecessary. To state a RICO claim, plaintiff was required to allege that defendants conducted an enterprise through a pattern of racketeering activity. See, e.g., Libertad v. Welch, 53 F.3d 428, 441 ___ ____ ________ _____ (1st Cir. 1995). As well, he was required to allege that he suffered injury in his business or property "by reason of" a RICO violation. 18 U.S.C. 1964(c); see, e.g., Sedima, ___ ____ _______ S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) ("the ________ __________ plaintiff has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the [RICO] violation"); see also Holmes ________ ______ v. Securities Investor Protection Corp., 503 U.S. 258, 268 ______________________________________ (1992) (RICO plaintiff must allege, not only "but for" causation, but also proximate causation requiring "some direct relation between the injury asserted and the injurious conduct alleged"). This causation requirement enables us, at the outset, to put to the side vast portions of plaintiff's voluminous complaint. For example, plaintiff has detailed numerous instances of criminal and fraudulent activity allegedly undertaken by various of the defendants during the 1970's and  ____________________ narrative. The Shears' principal motivation for filing the 1987 lawsuit, plaintiff contends, was to remove him as trustee and thereby gain control of the trusts' primary asset--the Mount Pleasant Hospital. Yet plaintiff elsewhere explains that the trusts had sold their interest in the hospital the previous year (and only reacquired ownership thereof in 1991). -4- 1980's. Yet no contention is made that such conduct resulted in injury to plaintiff's business or property. In turn, plaintiff charges that defendants have engaged in various misdeeds following his ouster as trustee in January 1992. Again, such actions are not linked to any business or property loss suffered by plaintiff. We note that plaintiff lacks standing to complain of injury to the trusts themselves, having been removed as trustee by the time the instant suit was filed. And the suggestion that his status as a potential creditor of the trusts grants him standing to sue on his own behalf is misplaced. See, e.g., id. at 271; ___ ____ ___ National Enterprises v. Mellon Financial Services, 847 F.2d ____________________ __________________________ 251, 254 (5th Cir. 1988). The only business or property injury alleged in the complaint is that stemming from the state court judgment-- i.e., plaintiff's loss of his position as trustee; the accompanying monetary damages; the resulting harm to his reputation and client base; and the legal expenses incurred in litigating that action. The question thus becomes whether plaintiff has set forth a predicate act of racketeering that has proximately caused such injury. Plaintiff insists he has done so in two respects. He argues that the filing by defendants of the state court suit (as part of a broader, unlawful scheme) constituted attempted extortion in violation of the Hobbs Act, 18 U.S.C. 1951. And he argues that -5- Gertrude Shear, by proffering false affidavits and testimony to the state court (allegedly at the behest of her husband), committed mail fraud in violation of 18 U.S.C. 1341. We disagree that such claims establish the necessary predicate act. Numerous courts have held that the filing of litigation- -no matter how lacking in merit--does not constitute a predicate racketeering act of extortion. "If a suit is groundless or filed in bad faith, the law of torts may provide a remedy. Resort to a federal criminal statute is unnecessary." I.S. Joseph Co. v. J. Lauritzen A/S, 751 F.2d _______________ ________________ 265, 267-68 (8th Cir. 1984); accord, e.g., First Pacific ______ ____ ______________ Bancorp, Inc. v. BRO, 847 F.2d 542, 545 (9th Cir. 1988); von _____________ ___ ___ Bulow by Auersperg v. von Bulow, 657 F. Supp. 1134, 1143-45 __________________ _________ (S.D.N.Y. 1987) (holding that malicious prosecution claim does not constitute predicate act of racketeering). Plaintiff's reliance on Hall American Center Assocs. v. Dick, ____________________________ ____ 726 F. Supp. 1083 (E.D. Mich. 1989), proves unavailing. The defendants there had engaged in spurious litigation described by the district court as a "clear abuse of process." Id. at ___ 1086. The defendants here prevailed in the state court suit. And Lemelson v. Wang Laboratories, Inc., 874 F. Supp. 430 (D. ________ _______________________ Mass. 1994), offers minimal succor to plaintiff, since the court there was addressing the subject of RICO injury rather than predicate acts. -6- Plaintiff's mail fraud claim likewise proves deficient. For one thing, it lacks the specificity required by Fed. R. Civ. P. 9(b). See, e.g., New England Data Services, Inc. v. ___ ____ _______________________________ Becher, 829 F.2d 286, 290 (1st Cir. 1987).2 Moreover, to ______ the extent his argument amounts to the allegation that Gertrude Shear committed perjury, his cause would not be advanced; perjury does not constitute an act of racketeering. See, e.g., Pyramid Securities, Ltd. v. IB Resolution, Inc., ___ ____ ________________________ ___________________ 924 F.2d 1114, 1118-19 (D.C. Cir.), cert. denied, 502 U.S. ____________ 822 (1991); United States v. Williams, 874 F.2d 968, 973 n.17 _____________ ________ (5th Cir. 1989).  To be sure, as plaintiff observes, several courts have indicated that a mail fraud claim premised largely on charges of perjury can suffice as a predicate act. See, e.g., United ___ ____ ______ States v. Eisen, 974 F.2d 246, 254 (2d Cir. 1992) ("use of ______ _____ the mail fraud offense as a RICO predicate act cannot be suspended simply because perjury is part of the means for perpetrating the fraud"), cert. denied, 113 S. Ct. 1840 _____________  ____________________ 2. The suggestion that the information concerning defendants' use of the mails was in their exclusive control-- such that plaintiff should be allowed to amend his complaint following further discovery, see, e.g., Becher, 829 F.2d at ___ ____ ______ 290--falls short. As a party to the state court suit, plaintiff obviously was (or should have been) aware of the circumstances surrounding the defendants' submission of allegedly fraudulent affidavits to the court. See, e.g., ___ ____ Feinstein, 942 F.2d at 44 ("Although Becher may in certain _________ ______ circumstances give a plaintiff a second bite at the apple, its generous formulation is not automatically bestowed on every litigant."). -7- (1993); see also Midwest Grinding Co. v. Spitz, 976 F.2d _________ _____________________ _____ 1016, 1022-23 (7th Cir. 1992) (leaving question open). Here, however, perjury is said to constitute the entire means for perpetrating the fraud. As well, the Midwest Grinding court ________________ noted that in cases "allowing perjury to serve as a predicate act [by way of a mail fraud or obstruction of justice allegation], ... the defendant had either been convicted of perjury before the civil RICO action commenced or had perjury established as a matter of record in a separate proceeding." Id. at 1022 n.3 (citations omitted). Nothing of the sort has ___ occurred here; quite to the contrary, the state court deemed Gertrude Shear's evidence credible.  In essence, simply by alleging that defendants' litigation stance in the state court case was "fraudulent," plaintiff is insisting upon a right to relitigate that entire case in federal court (while the case remains pending in the state appellate court). The RICO statute obviously was not meant to endorse any such occurrence. Cf. Willis v. Lipton, ___ ______ ______ 947 F.2d 998, 1001 (1st Cir. 1991) ("An extension of RICO standing in these circumstances would serve to 'federalize' a substantial volume of common law fraud litigation traditionally left to state courts.").3  ____________________ 3. Plaintiff's two remaining arguments can be readily rejected. The district court was not required to convert defendants' motion to dismiss into one for summary judgment before taking judicial notice of court papers from the state court litigation. See, e.g., Edward v. John Hancock Mutual ___ ____ ______ ___________________ -8- Affirmed. _________  ____________________ Life Ins. Co., 973 F.2d 1027, 1030 n.1 (1st Cir. 1992); Mack _____________ ____ v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 __________________________________ (9th Cir. 1986). Nor did it abuse its discretion in denying plaintiff's post-judgment request to amend his complaint (following further discovery), where any such amendment would have been futile. See, e.g., Arzuaga-Collazo v. Oriental ___ ____ _______________ ________ Federal Sav. Bank, 913 F.2d 5, 7 (1st Cir. 1990); Nodine v. _________________ ______ Textron, Inc., 819 F.2d 347, 349 (1st Cir. 1987).  _____________ -9-