

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-1996

# Rehkop v. Berwick Healthcare

Precedential or Non-Precedential:

Docket 95-7600

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Rehkop v. Berwick Healthcare" (1996). *1996 Decisions.* Paper 70.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/70

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 95-7600
_____

ROBERT A. REHKOP,

Appellant

v.

BERWICK HEALTHCARE CORPORATION; BERWICK HOSPITAL
CENTER; WYOMING VALLEY HEALTH CARE SYSTEM, INC.; ALEX
KERIS; DAVID KASPUTIS; HENRY MANDEL; DAVID MATISSE;
THOMAS SPATT; THE BOARD OF DIRECTORS OF THE BERWICK
HEALTHCARE CORPORATION
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 95-cv-00668)
_____

Argued
June 4, 1996
Before:  BECKER and MANSMANN, Circuit Judges,
and BROTMAN, District Judge.*

(Filed September 12, 1996)
_____

Jeffrey C. Dohrmann, Esquire (ARGUED)
Rieders, Travis, Mussina,
  Humphrey & Harris
161 West Third Street
P.O. Box 215
Williamsport, PA  17703

  COUNSEL FOR APPELLANT

Deborah Martin-Norcross, Esquire
Stephen R. Wirth, Esquire
Roger S. Kaplan, Esquire (ARGUED)
Jackson Lewis, Schnitzler & Krupman
101 Park Avenue
37th Floor
New York, NY  10178-3898

*       Honorable Stanley S. Brotman of the United States
District Court for the District of New Jersey, sitting by
designation.

Kevin C. Quinn, Esquire
Elliott, Reihner, Siedzikowski,
  North & Egan
400 Spruce Street
300 Mellon Bank Building
Scranton, PA  18503

  COUNSEL FOR APPELLEES BERWICK HEALTHCARE,
  BERWICK HOSPITAL CENTER, ALEX KERIS, HENRY
  MANDEL, DAVID MATISSE, THOMAS SPATT, THE BOARD
  OF DIRECTORS OF THE BERWICK HEALTHCARE CORPORATION

Sidney R. Steinberg, Esquire
Jonathan P. Sprague, Esquire (ARGUED)
Post & Schell
1800 JFK Boulevard
19th Floor
Philadelphia, PA  19103

  COUNSEL FOR APPELLEE WYOMING VALLEY
  HEALTH CARE SYSTEM, INC.

Robert J. Gillespie, Jr., Esquire
Joseph C. Zola, Esquire (ARGUED)
Mylotte, David & Fitzpatrick
Bicentennial Building
15 Public Square
Suite 200
Wilkes-Barre, PA  18701-1797

  COUNSEL FOR DAVID KASPUTIS
_____

OPINION OF THE COURT
_____

MANSMANN,  Circuit Judge.

In this civil RICO complaint, Robert A. Rehkop alleged that he was discharged from his position as a Certified Registered Nurse Anesthetist in retaliation for refusing to complete what he contends were fraudulent Medicare, Medicaid, and Medical Assistance forms and for reporting this activity to the FBI.  The district court dismissed the complaint, holding that Rehkop did not suffer an injury "substantially caused" by the RICO enterprise pursuant to 18 U.S.C. § 1962(c).  The court further dismissed the section 1962(d) conspiracy count, after finding Rehkop's claim under section 1962(c) deficient.

We hold that the district court correctly dismissed the section 1962(c) count.  Nonetheless, in light of our opinion in Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162 (3d Cir. 1989), Rehkop is not precluded from alleging a RICO conspiracy under section 1962(d).  Thus we will reverse the district court's dismissal of the conspiracy count and remand also for reinstatement of the pendent state law claims.

I.

In January of 1990, Rehkop was hired as a Certified Registered Nurse Anesthetist by the Berwick Healthcare Corporation to provide services at the Berwick Hospital Center.

Berwick Hospital Center provided anesthesia services to the public, participating in Medicare, Medicaid and Medical Assistance as these programs are established and administered by the United States of America and the Commonwealth of Pennsylvania. An anesthesiologist, David Kasputis, M.D., was hired to provide the anesthesia services; Alex Keris was the Chief Nurse Anesthetist and Manager of the Anesthesia Department. Keris was Rehkop's direct supervisor. For the anesthesia services provided, Keris and Kasputis submitted claims for payment to the federal and state programs and received payment for covered patients.

Rehkop alleges that Keris and Kasputis submitted fraudulent claims and received payment, through the United States Postal Service, to which they were not entitled, subjecting them to civil and criminal penalties under 42 U.S.C. §§ 1320a, 7a and 7b and Pa. Stat. Ann. tit. 62, § 1407 and constituting mail fraud under 18 U.S.C. § 1341.

Rehkop further alleges that he was required to complete claim forms, but when he learned that the claims were fraudulent, he refused to do so. He contends that he reported the activity to Henry Mandel, Vice-President of Human Resources of Berwick Hospital Center. Although Mandel advised Rehkop that he would discuss the matter with Chief Financial Officer David Matisse, Mandel did not contact Rehkop, so Rehkop approached Matisse directly. Matisse allegedly told Rehkop that he had discussed the situation with both Thomas Spatt, Chief Executive Officer of Berwick Hospital Center, and with the Board of Directors of Berwick Healthcare Corporation and was told not to pursue the matter. Rehkop then reported these activities to the Federal Bureau of Investigation.

Rehkop contends that it was after these conversations that he began to receive unfounded and untrue disciplinary actions signed by Keris. He also experienced lengthy delays in the payment of funds due him for his professional services and as reimbursement for expenses. On October 31, 1994, Keris informed Rehkop that he was terminated.

Subsequently, Rehkop filed a complaint in the United States District Court for the Middle District of Pennsylvania alleging that the Berwick Healthcare Corporation, the Berwick Hospital Center, the Wyoming Valley Healthcare System, Inc., Alex Keris, David Kasputis, Henry Mandel, David Matisse, Thomas Spatt, and the Board of Directors of the Berwick Healthcare Corporation conspired to commit and did commit mail fraud (by submitting fraudulent claims for reimbursement) from approximately January, 1990 through at least October 31, 1994. Specifically, Rehkop alleged that in furtherance of the conspiracy, they undertook a plan of activity which led to his termination in order to conceal the conspiracy and to impeach his credibility should he assist

the government in prosecuting them. Rehkop avers that these acts constitute "predicate acts" which violate 18 U.S.C. § 1962(c) and that each of the defendants entered into a conspiracy to commit these acts in violation of 18 U.S.C. § 1962(d).

All of the defendants filed motions to dismiss in which they contended that Rehkop lacked standing to pursue a civil RICO claim against them. By orders dated October 10, 1995, the district court granted these motions and dismissed Rehkop's complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6).

## II.

> In enacting RICO, Congress declared that
> [a]ny person injured in his business or
> property by reason of a violation of section
> 1962 of this chapter may sue therefor in
> any appropriate United States district court
> . . . .

18 U.S.C. § 1964(c). In order to have standing to pursue a claim under section 1964(c), a plaintiff must first demonstrate that the defendant committed a violation of one or more subsections of section 1962, and second, that the violation was a substantial cause of the injury to his business or property. Shearin v. E.F. Hutton Group, Inc., 885 F.2d at 1164.

In Shearin v. E.F. Hutton Group, Inc., the plaintiff, like Rehkop, maintained that she was terminated from her job at Hutton Trust in furtherance of a RICO conspiracy and additionally, that the defendants allegedly violated 18 U.S.C. §§ 1962(a), (b), (c) and (d). The starting point for our analysis of Shearin's standing under section 1964(c) was the Supreme Court's opinion in Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985). In Sedima the Supreme Court interpreted section 1964(c) as requiring that the injury relied upon by a plaintiff be the result of a section 1962 violation. 473 U.S. at 495. Applying the Sedima standard for RICO standing in Shearin's civil case, we held that Shearin had failed to plead injury resulting from defendant's violation of sections 1962(a) or (c). 885 F.2d at 1167–68. Shearin contended that E.F. Hutton caused her injury, first, in hiring her away from her previous job and then in firing her from Hutton when she refused to "play the good soldier." Id. at 1168. We concluded that neither job loss could be said to have resulted from violations of any of RICO's first three subsections or from the predicate acts necessary to establish them. Rather, "if the Hutton Companies' predicate acts under section 1962(a) or (c) injured anybody, they injured those Hutton customers whom the securities scheme defrauded." Id.

Although we held that Shearin lacked standing to pursue a civil RICO remedy for racketeering activity pursuant to section 1962(c), we found that she had standing to bring an action for alleged conspiracy in violation of RICO's section 1962(d). We observed that "while the section 1962(a) and (c) violations she alleges injured only customers, that is not so with respect to the alleged section 1962(d) conspiracy." 885 F.2d at 1168.

Shearin's contentions that "Hutton Trust hired her as window dressing to perpetuate the fraud that it was a legitimate company" and her contention that she "was fired to preserve the same fraud when she would not participate" qualified as predicate acts under section 1962(d).  Id.  Accordingly, we held that Shearin's hiring and firing plausibly constituted overt acts that could establish a conspiracy, and "[a]ssuming that the hiring and firing were injuries, those injuries did occur `by reason of' Huttons' violation of section 1962(d)."  885 F.2d at 1168-69.  Thus we concluded that Shearin's allegations stated a claim for relief pursuant to section 1964(c).

## III.

In Count I of his complaint, Rehkop alleged that while he was employed as a nurse anesthetist at the Berwick Hospital Center, the defendants conspired to defraud Medicare and Medicaid by filing fraudulent claims for payment using the U.S. Postal Service.  Rehkop averred that these acts constituted "predicate acts" which violate 18 U.S.C. § 1962(c), upon which a civil RICO claim may be based pursuant to 18 U.S.C. § 1964(c).  A violation of § 1962(c) requires (1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity.  Sedima, 473 U.S. at 495.  In addition, the plaintiff only has standing if he has been injured in his business or property by the conduct constituting the violation.  Id.

Here, in addressing Rehkop's assertion that the defendants violated 18 U.S.C. § 1962(c), the district court concluded that the filing of fraudulent claims with Medicare and Medicaid may constitute a predicate act providing the basis for liability under section 1962(c).  See United States v. Khan, 53 F.3d 507 (2d Cir. 1995).  We agree with this conclusion.  We also agree with the court's conclusion that Rehkop's complaint, however, failed to allege that he suffered an injury which was substantially caused by the defendants' alleged violations of section 1962(c).  In this regard, the district court observed that the only injury Rehkop alleged was his firing from Berwick Hospital Center.  The defendants' alleged racketeering activities, however, did not substantially cause Rehkop to lose his job.  Rather, the direct victims of the alleged racketeering were the Medicare and Medicaid programs and the taxpayers.  Thus, Rehkop did not have standing to sue the defendants pursuant to section 1964(c) based upon their alleged violations of section 1962(c).  Shearin, 885 F.2d at 1168.

Rehkop also claimed that the defendants entered into a conspiracy to commit violations of section 1962(c) in violation of 18 U.S.C. section 1962(d) which provides that:  "It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section."  The district court held that Rehkop lacks standing to pursue a conspiracy claim under section 1962(d) because, in its opinion, such a claim requires that the plaintiff state a viable cause of action under another section of 1962 as well.  Insofar as Rehkop could not go forward on his section 1962(c) claim, the court reasoned, his section 1962(d) claim also failed.

The district court's decision was influenced by Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153 (3d Cir. 1993), which it viewed as superseding Shearin. The court, however, misconstrued our holding in Lightning Lube. There we held that in order to state a violation of section 1962(d) for conspiracy to violate subsection (a), (b), or (c), the plaintiff must establish that the defendants violated (or were going to violate) one of those subsections. The problem in Lightning Lube was that the actions alleged to constitute violations of subsections 1962(a), (b), and (c) were not violations of these subsections, and thus they also failed to serve as the object of a section 1962(d) conspiracy.

Lightning Lube is thus distinguishable. In this case, Rehkop's allegations state a violation of section 1962(c). The reason he cannot pursue such a claim is that he was not harmed by the section 1962(c) violation. Nonetheless, the defendants' alleged violation of section 1962(c) can serve as the object of a section 1962(d) conspiracy, and if Rehkop was harmed by reason of the conspiracy, he may pursue a section 1962(d) claim.

Thus, this case is within Shearin's rule that a plaintiff's allegation that he or she was harmed in furtherance of a conspiracy under 1962(d) states a claim for relief under section 1964(c). Although the defendants contend that Rehkop has failed to allege a distinct RICO enterprise; that he has failed to plead his allegations of fraud with sufficient particularity as required by Fed. R. Civ. P. 9(b); and that he has not adequately pled the existence of a conspiracy, we need not reach these issues at this juncture. On remand, the plaintiff will have ample opportunity to amend so as to sharpen his pleadings and refine his theories.

We acknowledge that a majority of courts have disagreed with Shearin and have held that only injuries caused by RICO predicate acts provide standing to sue for conspiracy claims. We need not defend Shearin here. It is the law of this circuit, and there will be time to explore its correctness if the issue goes en banc. See section 9.1 of our Internal Operating Procedures; O. Hommel Company v. Ferro Corporation, 659 F.2d 340, 354 (3d Cir. 1981) (". . .a panel of this court cannot overrule a prior panel precedent.").

Although other courts of appeals have taken a different path than we did in Shearin, the Supreme Court has not spoken on this issue and Congress has not acted to remedy the division. As a result, we continue to be bound by our Internal Operating Procedures and appropriately must follow our precedent set forth in Shearin. Therefore, Rehkop's termination, as with Shearin's hiring and firing, is sufficient to constitute an overt act of an alleged conspiracy and an injury sustained by reason of a violation of section 1962.

IV.

Accordingly, we will reverse the judgment of the district court dismissing the section 1962(d) claim. In addition, we will vacate the judgment of the district court dismissing Rehkop's claims pursuant to the Pennsylvania

Whistleblower Law, Pa. Stat. Ann. tit. 43, §§ 1421 et seq., and wrongful discharge so that they may be reconsidered by the district court.  In all other respects, we will affirm the judgment of the district court.

Each side to bear its own costs.