# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-1547

_____

Henry Lee Grice, Jr.

*Plaintiff - Appellant*

v.

Marvin Leflore; Willie Brown; Fidel Rosiles; Bob Fallis; Derick Lewis

*Defendants - Appellees*

Quala Services, LLC

*Defendant*

Burch Energy Corporation

*Defendant - Appellee*

_____

No. 21-1638

_____

Henry Lee Grice, Jr.

*Plaintiff - Appellee*

v.

Marvin Leflore; Willie Brown; Fidel Rosiles; Bob Fallis; Derick Lewis

*Defendants - Appellants*

Quala Services, LLC

*Defendant*

Burch Energy Corporation

*Defendant - Appellant*
_____

Appeals from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: April 12, 2022
Filed: July 14, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Henry Grice, Jr., a former employee of defendant Burch Energy Corporation (Burch), sued Burch and various Burch employees under the civil enforcement provision of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964. According to Grice's complaint, his supervisor, Marvin Leflore, ran illegal prostitution and loan-shark operations out of the workplace and pressured Grice to become a customer. After Grice refused to participate, Leflore and other defendants allegedly retaliated by "orchestrat[ing] a plan" to end Grice's employment. Grice filed suit after his employment was terminated.

The defendants moved to dismiss Grice's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court[1] granted the motion, concluding that Grice had failed to plead that he was injured by the defendants' alleged RICO violations and that he thus lacked standing. See Fed. R. Civ. P. 12(b)(6). Reviewing *de novo* and taking as true the complaint's factual allegations, we affirm. See Park Irmat Drug Corp. v. Express Scripts Holding Co., 911 F.3d 505, 512 (8th Cir. 2018) (standard of review).

RICO provides a civil cause of action for "[a]ny person injured in his business or property by reason of" the racketeering activities proscribed by the statute. 18 U.S.C. § 1964(c). "To have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation." Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012) (quoting Asa-Brandt, Inc. v. ADM Inv. Servs., Inc., 344 F.3d 738, 752 (8th Cir. 2003)). To satisfy the statute's second prong, a plaintiff's injury must be caused "by conduct which constitutes racketeering activity, that is, RICO predicate acts, and not by other conduct of the defendant." Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 952 (8th Cir. 1999). "[A]n employee discharged for criticizing or refusing to participate in the employer's racketeering activity lacks standing to bring a civil suit" under RICO, because his injuries are not caused by the RICO violation itself, but by the employer's retaliation. Bowman v. W. Auto Supply Co., 985 F.2d 383, 385 (8th Cir. 1993).

Grice did not plead that his injury was caused by the defendants' alleged RICO violation. The complaint alleges the following facts: that Grice was suspended without pay; that Burch employees ordered Grice to commit acts in violation of federal safety standards; that someone broke into Grice's work locker; and that Grice

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

was terminated under false pretenses. The complaint does not, however, claim that these injuries were caused by the alleged RICO-violating activities—illegal prostitution and loan-sharking. Instead, Grice acknowledges that he was injured "in retaliation" for his refusal to participate in the schemes, which, as explained above, is insufficient to establish causation. We thus conclude that he lacks standing to bring a claim under RICO's civil provision. See Hamm, 187 F.3d at 953 (affirming dismissal for lack of standing because "appellants alleged that they had been injured not by their employer's racketeering activity but by the employer's retaliatory acts after they criticized or refused to participate in the racketeering activity"). The defendants' cross-appeal is dismissed as moot.

The judgment is affirmed.

_____