912 F.2d 291
 116 Lab.Cas. P 10,270, RICO Bus.Disp.Guide 7542
 Stephen C. REDDY, Plaintiff-Appellant,
v.
LITTON INDUSTRIES, INC., a Delaware corporation, and its
Wholly Owned Subsidiary and Alter Ego Enterprises, Litton
International Development Corporation, Litton Data Systems,
Litton Saudi Arabia Ltd., Litton Technology Corporation,
Ltd., Litton Systems, Inc., Litton Data Command Systems,
Litton Data Systems Division of Litton Systems, Inc., and
Does 1 through 100, Inclusive, Defendants-Appellees.
 No. 89-55008.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 5, 1990.
Decided Aug. 16, 1990.
 
 1
 Noel Shipman, Los Angeles, Cal., Wilfred A. Hearn, Jr., Washington, D.C., for plaintiff-appellant.
 
 
 2
 Brad D. Brian, Glenn D. Pomerantz, Munger, Tolles & Olson, Los Angeles, Cal., John D. Lang, Law Offices of John D. Lang, Woodland Hills, Cal., for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Central District of California.
 
 
 4
 Before CANBY, and LEAVY, Circuit Judges, and ORRICK,* Senior District Judge.
 
 ORRICK, Senior District Judge:
 
 5
 In this wrongful employee termination suit brought by plaintiff-appellant, Stephen C. Reddy, against defendants-appellees, Litton Industries, Inc. and its subsidiaries ("Litton"), charging Litton with violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961-1968, we are met first with the threshold question whether Reddy had standing to bring a RICO action based on wrongful employee termination.[1] Holding that he does not, we affirm.
 
 I.
 
 6
 During the 1980's, Litton was engaged in selling its military Command and Control Radar Communication ("C3") system to Saudi Arabia. Reddy was hired by Litton in 1980 to administer the housing aspects of this Saudi Arabian transaction.
 
 
 7
 Reddy claims that in the course of his employment he uncovered a bribery scheme involving Litton, Prince Khalid Bin Sultan Abdul Aziz, Deputy Commander of the Saudi Arabia Air Defense Command, and other Saudi government officials. Prince Khalid's father, Prince Sultan Bin Abdul Aziz, was Saudi Arabia's Minister of Defense and Aviation during this time. Reddy claims that Prince Sultan signed a contract on behalf of Saudi Arabia to purchase the C3 system from Litton as a result of unlawful payments that his son, Prince Khalid, received from Litton.
 
 
 8
 Reddy alleges that, upon his discovery of this bribery scheme, he reported it to his superiors. Thereafter, Litton terminated his employment. Reddy then filed this lawsuit, alleging that he was wrongfully discharged from his job because he refused to participate in Litton's cover-up of illegal bribes to Saudi Arabian officials that were intended to secure the award of certain Saudi Arabian military contracts.
 
 
 9
 Litton removed this action to federal court pursuant to 28 U.S.C. Sec. 1446(b), and filed a motion to dismiss the second amended complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6). The district court dismissed Reddy's federal claims with prejudice, and remanded his pendent claims to state court.
 
 
 10
 Reddy appeals only the dismissal of his RICO claims. He argues that the district court erred in finding that he lacked standing to sue under RICO, erroneously determined that he failed to allege a pattern of racketeering activity, incorrectly ruled that he failed to adequately plead a RICO enterprise, and erroneously found that his RICO claims were barred by the act of state doctrine. Finally, he argues that, even if the district judge's dismissal of his RICO claims was proper, it was an abuse of discretion to have dismissed these claims without leave to amend. Inasmuch as the decision of the district court is affirmed here on standing grounds, it is unnecessary to reach the other grounds for reversal asserted (satisfaction of the RICO "pattern" requirement, the adequacy of pleading of a RICO enterprise, and the applicability of the act of state doctrine).[2]
 
 II.
 
 11
 The district court's dismissal of the RICO cause of action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. Leidholdt v. L.F.P. Inc., 860 F.2d 890, 893 (9th Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 1532, 103 L.Ed.2d 837 (1989). All allegations in the complaint must be treated as true. Church of Scientology of Cal. v. Flynn, 744 F.2d 694, 696 (9th Cir.1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).
 
 A.
 
 12
 Reddy's complaint alleges violations of 18 U.S.C. Sec. 1962(a), (c), and (d) against Litton. We deal first with Reddy's standing to bring an action under Sec. 1962(c). The standing requirement under Sec. 1962(c)[3] has been well established since the Supreme Court's decision in Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). The RICO civil remedies provision, 18 U.S.C. Sec. 1964(c), provides that remedies are available under the statute to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter ...." (Emphasis added.) The Supreme Court in Sedima, construing the "by reason of" language in the context of an alleged violation of Sec. 1962(c), stated that a plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." 473 U.S. at 496, 105 S.Ct. at 3285.
 
 
 13
 With respect to Sec. 1962(c) claims, the Sedima Court held that the only compensable injury under the RICO statute is for "harm caused by [the] predicate acts ...." Id. at 497, 105 S.Ct. at 3285 (emphasis added). The predicate acts covered by Sec. 1962(c) include the direct or indirect participation in the conduct of an enterprise's affairs through a pattern of racketeering activity or the collection of an unlawful debt. Accordingly, under Sedima, Reddy must demonstrate that the harm he suffered was caused by these predicate acts of racketeering. Reddy's complaint, however, alleges that he was harmed by his discharge from employment, and not by the pattern of racketeering activity in which Litton was purportedly engaged.
 
 
 14
 All of the circuit courts that have considered this issue have held that an employee who is wrongfully discharged for refusing to participate in an alleged pattern of racketeering activity lacks standing to sue under Sec. 1962(c). See, e.g., Burdick v. American Express Co., 865 F.2d 527, 529 (2d Cir.1989) (per curiam) (employee terminated as a result of his complaints about employer's alleged fraudulent activities had no standing to sue under Sec. 1962(c)); Cullom v. Hibernia Nat'l Bank, 859 F.2d 1211, 1215-16 (5th Cir.1988) (plaintiff employee's discharge for refusing to participate in a fraudulent bank loan scheme did not satisfy Sec. 1962(c) standing requirement); Nodine v. Textron, Inc., 819 F.2d 347, 349 (1st Cir.1987) (employee's termination after he reported violations of Canadian customs laws and Foreign Corrupt Practices Act to his superiors did not confer standing under Sec. 1962(c)); Morast v. Lance, 807 F.2d 926, 933 (11th Cir.1987) (employee discharged for reporting irregular transactions to the Comptroller of the Currency had no standing to sue under Sec. 1962(c)).
 
 
 15
 We have not as yet addressed the standing requirement of Sec. 1962(c) in the employee termination context. The pattern emerging from the appellate courts is clear, however, and is not undermined by Reddy's reliance on two district court decisions that reached the opposite result. Reddy cites Williams v. Hall, 683 F.Supp. 639 (E.D.Ky.1988), and Komm v. McFliker, 662 F.Supp. 924 (W.D.Mo.1987), for the proposition that employees who refuse to participate in illegal activities have standing to sue for wrongful termination under RICO. These cases clearly represent a minority view, and we decline to follow them here. Accordingly, we hold that Reddy lacks standing to sue under Sec. 1962(c) because the injury he suffered was the result of his alleged wrongful termination and was not caused by predicate RICO acts.
 
 B.
 
 16
 Reddy's complaint also alleged violations of Sec. 1962(d),[4] which makes it unlawful for any person to conspire to violate the RICO statute. The developing standing analysis under this subsection turns on whether courts interpret the RICO statute to require that the conspiratorial acts that cause injury must be predicate RICO acts as defined in 18 U.S.C. Sec. 1961(1). In this case, the injury suffered by Reddy was caused by his alleged wrongful discharge, which is not a predicate act under Sec. 1961(1).
 
 
 17
 Two recent appellate court decisions have addressed this issue, and have taken opposing positions. Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162 (3d Cir.1989); Hecht v. Commerce Clearing House, Inc., 897 F.2d 21 (2d Cir.1990).
 
 
 18
 The Hecht case holds that the plaintiff must have been injured by overt acts that are themselves statutorily defined acts of racketeering in order to have standing under Sec. 1962(d). In the Hecht case, the Second Circuit declared that standing under Sec. 1962(d) "may be founded only upon injury from overt acts that are also section 1961 predicate acts, and not upon any and all overt acts furthering a RICO conspiracy.... Because the overt act of Hecht's discharge was not a section 1961(1) predicate act, his loss of employment does not confer civil standing." 897 F.2d at 25.
 
 
 19
 The Shearin case, however, holds that the plaintiff may have standing to sue even though his or her injury was caused by an overt act of conspiracy that was not a defined act of racketeering. In Shearin, the plaintiff alleged that she was hired solely to give the appearance of legitimacy to a company that was in fact a front for a fraudulent investment scheme. She further alleged that she was fired by the sham company to prevent her from disclosing its illegal activities. She filed suit alleging violation of Sec. 1962(d) of RICO.
 
 
 20
 The Third Circuit in Shearin held that the hiring and firing of Shearin were overt acts in furtherance of the conspiracy, although those acts were not themselves acts of racketeering as defined by Sec. 1961 of the RICO statute. 885 F.2d at 1167. Nonetheless, the court held that Shearin had standing to sue under Sec. 1962(d). The court based its decision on the fact that "[n]othing in Sedima forecloses the possibility that harm arising from an act predicate to conspiracy, yet distinct from the racketeering acts listed in section 1961(1), might yet confer standing so long as the plaintiff has alleged a violation of section 1962(d)." Id. at 1169. In deciding that Shearin's firing (although not her hiring) was an injury sufficient to confer RICO standing under Sec. 1962(d), the court was influenced by the fact that Shearin's firing was an overt act that not only established the conspiracy but was "allegedly essential to it." Id. at 1168.
 
 
 21
 Recognizing the split of authority between the Second and Third Circuits on the issue of standing to sue under Sec. 1962(d), we find the facts in the Hecht case are more closely analogous to those presented by this appeal. In Hecht, as in this case, the alleged conspiracy was ongoing and the role of the discharged employee in the conspiracy was peripheral, not central to the very existence of the conspiracy. The unique facts of the Shearin case suggest that its holding may appropriately be construed narrowly. Because the hiring and discharge of the plaintiff in Shearin were acts that were "essential" to the alleged conspiracy, the Shearin case is distinguishable on its facts from this appeal. If, however, there is any doctrinal inconsistency between Hecht and Shearin, we prefer the rule of Hecht. Accordingly, we hold that the district court did not err in dismissing Reddy's Sec. 1962(d) claim on standing grounds because the act of terminating Reddy's employment is not a predicate act as defined by Sec. 1961(1), nor was that act essential to the alleged conspiracy between Litton and the Saudi Arabian officials.
 
 C.
 
 22
 Three of the four appellate courts to consider the issue of standing under Sec. 1962(a)[5] have concluded that the appropriate standing analysis under that section differs from that applied by the Sedima Court to Sec. 1962(c). The Second, Third, and Tenth Circuits each have held that, for purposes of Sec. 1962(a), a plaintiff must show injury by reason of the use or investment of racketeering income in order to have standing to assert a RICO claim. See Quaknine v. MacFarlane, 897 F.2d 75, 82-83 (2d Cir.1990); Rose v. Bartle, 871 F.2d 331, 356-58 (3d Cir.1989); Grider v. Texas Oil & Gas Corp., 868 F.2d 1147 (10th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). Under these decisions, injury by virtue of the predicate acts alone, which is sufficient to confer standing under Sec. 1962(c), is inadequate to confer standing under Sec. 1962(a).
 
 
 23
 The Fourth Circuit and a minority of lower court opinions take a different view.[6] In Busby v. Crown Supply, Inc., 896 F.2d 833, 837 (4th Cir.1990); the Fourth Circuit held that injury caused by the predicate acts of racketeering is sufficient to state a Sec. 1962(a) violation. See also, e.g., Mid-State Fertilizer Co. v. Exch. Nat'l Bank of Chicago, 693 F.Supp. 666, 670-73 (N.D.Ill.1988), aff'd on other grounds, 877 F.2d 1333 (7th Cir.1989).
 
 
 24
 For purposes of standing under Sec. 1962(a), this circuit has not yet decided whether a plaintiff must show injury by reason of the use or investment of racketeering income, or if the injury caused by the predicate acts of racketeering is sufficient.[7] The facts of this case do not require us to decide that issue now. Reddy has not pleaded that he was injured by the use or investment of racketeering income, nor has he alleged that he was injured by any of the predicate acts covered by Sec. 1962(c). Rather, he claims that he was injured by his wrongful termination. Accordingly, the district court did not err in dismissing Reddy's Sec. 1962(a) claim.
 
 III.
 
 25
 Appellant contends that, even if the district court properly dismissed his RICO claims, the court's failure to permit him to amend his complaint was reversible error. The district court's dismissal of Reddy's RICO claims with prejudice is reviewed on appeal under an abuse of discretion standard. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir.1987).
 
 
 26
 It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile. Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau, 701 F.2d 1276, 1292-93 (9th Cir.), cert. denied, 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983). Here, it would be futile to permit Reddy to amend his Sec. 1962(a), (c), and (d) claims. His complaint makes clear that his injury was caused by his alleged wrongful termination. It was not the result of the alleged predicate acts of racketeering. Nor was it caused by the use or investment of racketeering income. Finally, it was not caused by an overt act of conspiracy that is a defined predicate act under 18 U.S.C. Sec. 1961(1).
 
 
 27
 It would not be possible for Reddy to amend his complaint to allege a completely new injury that would confer standing to sue without contradicting any of the allegations of his original complaint. Although leave to amend should be liberally granted, the amended complaint may only allege "other facts consistent with the challenged pleading." Schreiber, 806 F.2d at 1401 (citation omitted).
 
 
 28
 Accordingly, the district court's ruling that Reddy's RICO claim should be dismissed with prejudice was not an abuse of discretion because amendment would not cure the deficiencies in the complaint.[8] Affirmed.
 
 
 
 *
 Honorable William H. Orrick, Senior United States District Judge, for the Northern District of California, sitting by designation
 
 
 [1]
 In his second amended complaint, Reddy also alleged breach of the implied covenant of good faith and fair dealing, and conspiracy to obstruct justice under 42 U.S.C. Sec. 1985(2)
 
 
 [2]
 Following the district court's dismissal, Litton filed a complaint against Reddy for malicious prosecution. It was directed at Reddy's claim under 42 U.S.C. Sec. 1985(2), which the district judge dismissed with the suggestion that it bordered on being frivolous. Reddy attached documents to his opening brief in this appeal relating to the malicious prosecution action that were not part of the record below. Litton moved to strike these exhibits
 Federal Rule of Appellate Procedure 30(a) and Ninth Circuit Rule 10-2 state that only documents in the district court record can be included in an appendix to an appellate brief. The language of these rules is clear. Inclusion of these documents in an appellate brief was improper. Litton's motion to strike Reddy's Exhibits A and B is granted.
 Both parties requested sanctions against the other in connection with this matter. Reddy contends that Litton filed its complaint for malicious prosecution to harass him and deter him from pursuing this appeal. Litton argues that Reddy's inclusion of Exhibits A and B in his appellate brief was an improper attempt to prejudice the court.
 Neither party has persuaded the court that sanctions are warranted. Reddy has produced no evidence that Litton's complaint for malicious prosecution is frivolous. Litton has not demonstrated that Reddy's motivation for including these exhibits was improper. Both requests for sanctions are, therefore, denied.
 
 
 [3]
 Section 1962(c) provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."
 
 
 [4]
 Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section."
 
 
 [5]
 Section 1962(a) states, in pertinent part: "It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."
 
 
 [6]
 The decisions of the lower courts in this circuit are split on the issue of adequate standing under Sec. 1962(a). Compare In Re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig., 682 F.Supp. 1073 (C.D.Cal.), appeal dismissed on other grounds, 821 F.2d 1422 (9th Cir.1987) (holding that there is no separate standing requirement under Sec. 1962(a) or (b), and injury from the predicate acts alone confers standing) with In re Rexplore, Inc. Sec. Litig., 685 F.Supp. 1132, 1141-42 (N.D.Cal.1988) (holding that a plaintiff must plead injury due to the use or investment of racketeering income to have standing under Sec. 1962(a)). It is noteworthy, however, that the National Mortgage case acknowledged the split of opinion on this issue, and was decided years before the appellate decisions in Quaknine, Rose, and Grider were issued
 
 
 [7]
 The issue was raised in Schreiber Distrib. Co. v. Serv Well Furniture Co., 806 F.2d 1393 (9th Cir.1986), but we did not reach the standing issue because the parties had agreed that the Supreme Court's decision in Sedima had eliminated that issue from the Schreiber appeal. Id. at 1395. Therefore, Schreiber stands only for the proposition that the Ninth Circuit follows the Supreme Court's Sedima decision with respect to RICO standing. Moreover, the Schreiber case was decided after Sedima but before the Rose, Grider, and Quaknine decisions were published. In deciding Schreiber, therefore, this court did not have the benefit of those opinions
 
 
 [8]
 Because amendment of the complaint would be futile, it is not necessary to reach respondent's arguments that Reddy waived his right to amend, or that he has already had sufficient opportunity to amend. In any event, neither argument is persuasive. First, the Ninth Circuit has not adopted the rule followed in some other circuits that dismissal without leave to amend under Rule 12(b)(6) is not an abuse of discretion where the plaintiff has not requested leave to amend. See, e.g., Manax v. McNamara, 842 F.2d 808, 813-14 (5th Cir.1988). Further, it is evident that Reddy has not had a prior opportunity to amend his RICO claims, because Litton concedes that these were raised for the first time in Reddy's second amended complaint