972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard W. BERGER; Jo Ann Berger, Plaintiffs-Appellants,
v.
CITY OF MORGAN HILL; Fred Mortensen; Jan Perkins; Curtis
Wright; Laurie Bark; John Sorsi; Linda English; Ray
Bunt; Virginia Mae Days; Thomas Castle; Wengert,
Councilman; Bertelli, Councilman; Biechman, Councilman;
Morgan Hill Waste Water Facility Financing Corporation;
Redevelopment Agency of the City of Morgan Hill; Vavlina,
Councilman, Defendants-Appellees.
 No. 91-15927.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 16, 1992.
Decided July 27, 1992.
 
 Before WALLACE, Chief Judge, and SCHROEDER and POOLE, Circuit Judges.
 
 MEMORANDUM
 
 1
 The Bergers appeal from the district court's dismissal of their action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961-1968, against Bark, Bunt, Sorsi, and the City of Morgan Hill (collectively City). The district court had jurisdiction pursuant to 18 U.S.C. § 1962 and 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal of the Bergers' action for failure to state a claim. Reddy v. Litton Industries, Inc., 912 F.2d 291, 293 (9th Cir.1990) (Reddy ), cert. denied, 112 S.Ct. 332 (1991). We affirm.
 
 
 2
 The district court dismissed the Bergers' action because they failed to allege that any of the predicate acts harmed them, and they therefore lacked standing to bring a RICO claim. The Bergers have standing under RICO only if the harm suffered was proximately caused by predicate acts of racketerring. See Holmes v. Securities Investor Protection Corp., 112 S.Ct. 1311, 1319 (1992) (Holmes ); Reddy, 912 F.2d at 294. The Bergers' complaint alleges that they suffered harm to their property, claiming that the City built a sewer line under it for which they were not compensated. They also allege that they found it more expensive to develop their property and lost part of it in a nonjudicial foreclosure sale. The Bergers contend that these harms were caused by the City's refusal to acknowledge that the sewer line passed under their property and honor its promise to compensate them for it, which in turn was either caused by or intimately related to five predicate acts of racketeering.
 
 
 3
 Four of these predicate acts concern the City's refusal to acknowledge, in communications to certain third parties, either that the sewer line ran underneath the Bergers' property or that the City promised to compensate them. The Bergers argue that these misrepresentations were integral to the fraud that was perpetrated upon them and the wrongful acts of defendants in not acknowledging the sewer line and their contract rights. The Bergers argue that the denials were integral because they prevented the City from acknowledging the sewer line and fulfilling its promise to compensate them.
 
 
 4
 We addressed similar circumstances in Reddy. There the plaintiff discovered a racketeering scheme involving his employer and a client, reported it to his superiors, and was fired. See 912 F.2d at 292-93. We affirmed the dismissal of his RICO action because his injury was caused not by the racketeering acts, but rather by being fired. See id. at 294. Similarly here, from the face of the Bergers' complaint, it appears that the cause of their injury--to the extent it lies in any City action--is a result of the City's refusal either to record the easement or honor its promise to compensate them for running the sewer line under their property. Whether this refusal was, in turn, allegedly motivated by other, racketeering acts does not make it the cause of the Bergers' injury for purposes of RICO.
 
 
 5
 The remaining predicate act advanced by the Bergers concerns allegedly false statements made by the City to them. The Bergers allege that a City employee falsely stated to them by telephone that the City intended to record an easement for the sewer line across their property and compensate them for it within 60 days, causing them to forbear enforcing their rights. The Bergers first argue that the City admitted in the district court that its conversation with them was a predicate act that caused their injury, and may therefore not dispute it here. However, a close examination of the admission reveals that the City said only that the act was "something that could possibly have injured the [Bergers]." This hardly amounts to an admission that the act caused the Bergers harm.
 
 
 6
 The Bergers next argue that the City's promise to record the easement and compensate the Bergers within 60 days proximately caused them to forbear enforcing their rights and thereby suffer harm, including the loss of part of their property in foreclosure. Nonetheless, it is unclear from the Bergers' complaint how this forbearance caused them to suffer this foreclosure or any other harm. For example, they fail to allege that they detrimentally relied on this particular promise or that a statute of limitations ran during the time of this reliance. Consequently, like the four other alleged racketeering acts, this act also fails to satisfy the causation requirements for standing set out by Reddy.
 
 
 7
 The Bergers argue that this case is not controlled by Reddy, but rather by Sun Savings & Loan Ass'n v. Dierdorff, 825 F.2d 187 (9th Cir.1987), and SIPC v. Vigman, 908 F.2d 1461 (9th Cir.1990), rev'd, 112 S.Ct. 1311 (1992). Neither is controlling. Although Sun Savings reversed a dismissal of a RICO action, it did not address whether the plaintiff bank lacked standing or whether it failed to allege that the harm it suffered was caused by acts of racketeering. The Bergers' reliance on Vigman is unavailing. The Supreme Court corrected our error. See Holmes, 112 S.Ct. at 1316.
 
 
 8
 Because the Bergers' complaint fails to allege that racketeering acts caused them harm, they lack standing to bring a RICO action. Therefore, the district court's analysis is correct and it did not err by dismissing their action.
 
 
 9
 AFFIRMED.