Guadalupe **LEON**, individually, the Estate of Juan Leon, through its representative Guadalupe Leon, and Monique Angelina Leon, by and through her guardian ad litem Maria Gonzalez, Plaintiffs,

v.

The **COUNTY OF SAN DIEGO**, San Diego County Sheriff's Department, Sheriff William B. Kolender, and Does 1 through 10, inclusive, Defendants.

No. 00–CV–1292KJFS.

United States District Court,
S.D. California.

Sept. 9, 2000.

Sonia M Mercado, Sonia Mercado and Associates, Los Angeles, CA, plaintiffs.

Eliot J Alazraki, County of San Diego, Office of County Counsel, San Diego, CA, for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

KEEP, District Judge.

On July 27, 2000, Defendants County of San Diego[1] and Sheriff William B. Kolender filed a motion to dismiss Plaintiffs' action pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs oppose. All parties are represented by counsel.

### I. Background

On or about July 28, 1999, Juan Leon allegedly died of complications from peritonitis while in the custody of Defendants. Compl. ¶ 12. Plaintiff Guadalupe Leon is the father and heir of decedent Juan Leon. *Id.* ¶ 4. Guadalupe Leon also represents the Estate of Juan Leon. *Id.* Although nowhere alleged in the complaint, the parties appear to understand Monique Leon to be the alleged daughter of Juan Leon. Monique Leon is represented by her guardian ad litem, Maria Gonzalez. *Id.* ¶ 12.

On June 27, 2000, Plaintiffs filed a complaint that alleges four causes of action: (1) violation of 42 U.S.C. § 1983: violation of the Eighth and Fourteenth Amendments by acting with deliberate indifference to decedent's medical problems; (2) violation of 42 U.S.C. § 1983: failure to train and supervise and violation of statutory duties causing constitutional violations; (3) violation of 42 U.S.C. § 1983: policy, custom, and practice causing constitutional violations; and (4) medical negligence. On July 27, 2000, Defendants filed the instant motion to dismiss.

### II. Discussion

#### A. Legal Standard

 Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Such a dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988). Under Rule 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his or her claim for relief. *See Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1482 (9th Cir.1991). In applying this standard, the court must treat all of plaintiff's factual allegations as true. *See Experimental Eng'g, Inc. v. United Technologies Corp.,* 614 F.2d 1244, 1245 (9th Cir. 1980). On a Rule 12(b)(6) motion, the court assumes that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.,* 37 F.3d 517, 521 (9th Cir.1994), *cert. denied,* 515 U.S. 1173, 115 S.Ct. 2640, 132 L.Ed.2d 878

1. Also erroneously sued as San Diego County Sheriff's Department.

(1995). However, the court does not have to accept as true conclusory allegations that contradict facts which may be judicially noticed or which are contradicted by documents referred to in the complaint. *See, e.g., Steckman v. Hart Brewing Inc.,* 143 F.3d 1293, 1295–1296 (9th Cir.1998). The court, likewise, is not bound to assume the truth of legal conclusions simply because they are stated in the form of factual allegations. *See Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). To dismiss with prejudice, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proven. *See Reddy v. Litton Indus.,* 912 F.2d 291, 293 (9th Cir.1990), *cert. denied,* 502 U.S. 921, 112 S.Ct. 332, 116 L.Ed.2d 272 (1991).

## B. Defendants' Motion

Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. First, Defendants argue that the County and Sheriff Kolender in his official capacity are immune from liability under the Eleventh Amendment. Second, Defendants argue that Plaintiffs fail to plead sufficient facts to state a cause of action against Sheriff Kolender in his personal capacity. Third, Defendants argue that because Plaintiffs' federal civil rights claims should be dismissed, the court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claim for medical negligence.

### 1. Eleventh Amendment Immunity

Defendants seek dismissal of the claims brought against Kolender in his official capacity, arguing that he was acting in his capacity as a state official and is therefore entitled to Eleventh Amendment immunity. Defendants also argue that because Kolender was acting in his capacity as a state official rather than as a local policymaker for the County, no County policy exists to form the basis for municipal liability under section 1983.

Although the Eleventh Amendment bars a section 1983 damages claim against state actors sued in their official capacities, *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), it does not bar suits against counties or similar municipal corporations. *See Mount Healthy Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *see also Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir.1987) (holding that the Eleventh Amendment did not bar the action against the county even though it barred action against the county's superior court as an arm of the state). In *Will,* the Supreme Court held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.... As such, it is no different from a suit against the state itself." *Will,* 491 U.S. at 66, 109 S.Ct. 2304. Because states are protected by the Eleventh Amendment, absent a waiver of sovereign immunity, such suits are barred. *Id.* However, Eleventh Amendment protection "does not extend to counties and similar municipal corporations." *Doyle,* 429 U.S. at 280, 97 S.Ct. 568. Consequently, the ultimate holding in *Will* does not apply to this case. Because the sheriff is named in his official capacity, this suit is no different from a suit against the County itself. *See Will,* 491 U.S. at 71, 109 S.Ct. 2304. However, the Supreme Court has held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, a plaintiff must establish that his injury was the result of the government's policy or custom. *Id.* In short, "a local government may be liable for constitutional torts committed by its officials according to municipal policy, practice, or custom." *Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000).

"To hold a local government liable for an official's conduct, a plaintiff must first establish that the official (1) had final policymaking authority 'concerning the action alleged to have caused the particular constitutional or statutory violation at issue' and (2) was the policymaker for the local governing body· for the purposes of the particular act." *Id.* (quoting *McMillian v. Monroe County Alabama,* 520 U.S. 781, 785, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)). Here, neither party disputes that Sheriff Kolender has final policymaking authority regarding the care and custody of inmates at the San Diego County Jail. Therefore, the question is whether the Sheriff acted as a policymaker for the County or for the State "for the purposes of the particular act" in question. If the Sheriff acts as a policymaker for the State, Plaintiffs fail to state a claim against the County and Plaintiffs cannot sue the sheriff in his official capacity for damages because in this context he is immune as a state officer. *See Will,* 491 U.S. at 71, 109 S.Ct. 2304. However, if the sheriff acts as a policymaker for the County, Plaintiffs can state a claim against the County if they properly allege the existence of a County custom, policy, or practice. *See Monell,* 436 U.S. at 691–93, 98 S.Ct. 2018; *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir.1992) (policy of inaction can support claim of municipal liability).

### a. *McMillian* Analysis

In *McMillian,* the Supreme Court examined Alabama's constitution, statutes, and case law in determining that an Alabama sheriff, when executing his law enforcement duties in the course of a criminal investigation, acted for the State, not the county in which he acted as a law enforcement official. *Id.* at 787–93, 117 S.Ct. 1734. The Court stated that it was imperative to analyze the official's actual role: the official's "actual function ... in a particular area," as defined by state·law, must be examined in determining whether he represents the state or the county. *See McMillian,* 520 U.S. at 786, 117 S.Ct. 1734. Recently, the Ninth Circuit adopted the *McMillian* framework, examining California's constitution, statutes, and case law in evaluating whether a district ·attorney acted for the state or the county in deciding· whether to proceed with a criminal prosecution. *See Weiner,* 210 F.3d· at 1028–29. The determination of ·whether the sheriff acts as a state or county official depends on state law. *See id.* at 1028 (citing *McMillian,* 520 U.S. ·at 786, 117 S.Ct. 1734). Therefore, only California law is relevant in determining on whose behalf the sheriff acts when operating the county jail. This court must examine California's constitution, statutes, and case law in order to determine whether the sheriff was acting for the state or the county in his role as custodian of the county jail.

### 1. California Constitution

The following sections of the California constitution reference the "sheriff":

Article XI, section 1(b): Counties; subdivisions of state; formation, consolidation and boundary change; removal of county seat; powers; officers and employees: "The Legislature shall provide for county powers, an elected county sheriff, an elected district attorney, an elected assessor, and an elected governing body in each county."

Article XI, section 4: County charters; provisions: "County charters shall provide for: ... (c) An elected sheriff, an elected district attorney, an elected assessor, other officers, their election or appointment, compensation, terms and removal."

Article V, section 13: Attorney general; law enforcement: "The Attorney General shall have direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective officers, and may require any of said officers to make reports concerning the investigation, detection, prosecution, and punishment of crime in their respective jurisdictions as to the Attorney General may seem advisable."

The first two sections of the California constitution cited support the proposition that the sheriff is a county officer. At first glance, the third section cited, which grants the state Attorney General supervisory authority over sheriffs, appears to provide support for the argument that the sheriff acts on behalf of the state. However, as the *McMillian* Court points out, "the question is not whether [the sheriff] acts for [the state] or [the county] in some categorical, 'all or nothing' matter. Our cases on the liability of local governments under § 1983 instruct us to ask whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue." 520 U.S. at 785, 117 S.Ct. 1734. The "particular area" at issue here is not, as it was in *Weiner* concerning the district attorney, the "investigation, detection, prosecution, and punishment of crime" referenced in Article V, section 13; rather, at issue is the sheriff's day-to-day management of the county jail. Therefore Article V, section 13 does not dictate that the sheriff acts for the state in his operation of the county jail.

## 2. Statutes

The court next turns to California statutory law. The following statutory provisions suggest that the sheriff acts on behalf of the county when operating the county jail: (1) Cal.Gov.Code § 24000 states that a sheriff is an officer of a county; (2) Cal.Pen.Code § 4000 imposes upon the sheriff the responsibility for operating the county jail; (3) Cal.Gov.Code § 26605 provides: "The sheriff shall take charge of and keep the county jail and the prisoners in it"; and (4) Cal.Gov.Code § 26610 provides: "The sheriff of any county which maintains a jail in another county has the same control and supervision of the property, personnel, and inmates that he would have if the jail were located within the boundaries of the county which maintains it."

Although it refuses to give complete authority to the county board of supervisors, Cal.Gov.Code § 25303 states: "The board of supervisors shall supervise the official conduct of all county officers.... This section shall not be construed to affect the independent and constitutionally and statutorily designated investigative and prosecutorial functions of the sheriff and district attorney of a county. The board of supervisors shall not obstruct the investigative function of the sheriff of the county nor shall it obstruct the investigative and prosecutorial function of the district attorney of a county." The activity at issue here, however, operating the county jail, does not implicate the investigative or prosecutorial functions of the sheriff. *See, e.g., Von Colln v. County of Ventura,* 189 F.R.D. 583, 601 (C.D.Cal.1999). Therefore, the board of supervisors appears to retain supervisory power over the sheriff's daily operation of the county jail.

## 3. Case law

Defendants cite to *County of Los Angeles v. Superior Court (Peters),* 68 Cal. App.4th 1166, 80 Cal.Rptr.2d 860 (1998), and *Pitts v. County of Kern,* 17 Cal.4th 340, 70 Cal.Rptr.2d 823, 949 P.2d 920 (1998), in support of their argument that Kolender acted on behalf of the state, not as a county policymaker, when operating the county jail. In *Peters,* the California Court of Appeal determined that in setting policies concerning the release of individuals from the county jail, the sheriff acted as a state officer performing state law enforcement duties, and not as a county policymaker. 68 Cal.App.4th at 1174, 80 Cal.Rptr.2d 860. The court stated: "[F]ormal designations of sheriffs as county officers are outweighed by the functional independence of sheriffs from control by county boards of supervisors in performing their law enforcement functions." *Id.* at 1176, 80 Cal.Rptr.2d 860. In *Pitts,* the California Supreme Court concluded that "when preparing to prosecute and when prosecuting criminal violations of state law, a district attorney represents the state and is not a policymaker for the county." 17 Cal.4th at 362, 70 Cal.Rptr.2d 823, 949 P.2d 920. The *Pitts* court noted, however, that: "Our conclusion as to which entity

the district attorney represents might differ were plaintiffs challenging a district attorney's alleged action or inaction related to hiring or firing an employee, workplace safety conditions, procuring office equipment, or some other administrative function arguably unrelated to the prosecution of state criminal law violations." *Id.* at 363, 70 Cal.Rptr.2d 823, 949 P.2d 920.

In *Von Colln v. County of Ventura,* a section 1983 action that challenged the use of the Prostraint chair to restrain inmates and arrestees at the county jail, a district court in the Central District of California determined that the sheriff was acting as a county officer concerning the "day-to-day operation of the County Jail." 189 F.R.D. at 600. In determining that the sheriff was a county officer when condoning sexual abuse of female crime victims by deputies, the Northern District of California concluded: "Whatever the reality of the functional supervision that the Attorney General exercises over local sheriffs, Sheriff [Kolender] is ultimately supervised in [San Diego] County, at least for the policies at issue here." *Roe v. County of Lake,* 107 F.Supp.2d 1146, 1151–52 (N.D.Cal.2000).

**b. Analysis**

Based on the foregoing discussion and considering the California constitution, statutes governing county sheriffs and their obligations in maintaining the health and safety of persons detained in the county jail, and California cases analyzing the county sheriff's duties, this court concludes that Sheriff Kolender acts on behalf of the county, not the state, when operating the San Diego County Jail and making policy concerning the treatment of inmates or arrestees in need of medical attention. As noted above, when the sheriff acts as a policymaker for the County, dismissal under the Eleventh Amendment is not appropriate if the plaintiffs claim that the County's custom, policy, or practice resulted in the violation of their constitutional rights. *See Monell,* 436 U.S. at 690, 98 S.Ct. 2018. Defendants rely entirely on the premise that Kolender acted as a state officer in arguing that Kolender and the County are immune from Plaintiffs' section 1983 claims pursuant to the Eleventh Amendment. Therefore, Defendants' motion to dismiss Plaintiffs' section 1983 claims against the County and Kolender in his official capacity is denied.

**2. Personal Capacity**

Defendants argue that Plaintiffs' complaint fails to differentiate between Kolender's alleged actions in his official capacity and his personal capacity. Defendants further argue that Plaintiffs' allegations are merely conclusory, and do not allege any facts to show Sheriff Kolender's personal involvement with Juan Leon's death. Plaintiffs argue that the Sheriff is subject to suit in either his personal or official capacity by virtue of their allegations concerning supervisory liability (second cause of action) and policy, custom, or practice causing constitutional violations (third cause of action).

It is clear that respondeat superior liability is not available under section 1983. *See Monell,* 436 U.S. at 690–94, 98 S.Ct. 2018. However, Plaintiffs' complaint makes direct allegations against Sheriff Kolender for his failure to train and supervise, to investigate, and to discipline. Compl. ¶ 25. Therefore, the court finds that Plaintiffs have made sufficient allegations against Kolender in his individual capacity to survive Defendants' motion to dismiss. Accordingly, Defendants' motion to dismiss is denied.

**3. State Claim**

Because the court does not dismiss Plaintiffs' federal causes of action, Defendants' request that the court refuse to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claim is denied.

## III. Conclusion

Accordingly, for the reasons stated herein, the court **DENIES** Defendants' motion to dismiss in full.

**IT IS SO ORDERED.**