John A. BRUNTJEN; Michael T. Murray; Asia Energy Group, Inc.; Beacon Hill Financial, LLC; Wyochina Ordos Basin Petroleum, LLC, Plaintiffs,

and

Liberty Energy China, Ltd.,
Plaintiff—Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY; Newport Pacific Management, Inc.; Liberty Pacific Direct Investments, Ltd.; Thomas R. Tuttle; R. James Carlson; A. David Dickert, Defendants,

and

Morrison & Foerster, Defendant—Appellee.

No. 02–16084.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Dec. 17, 2003.

Rolin L. Cargill, III, William R. Skolnick, Michael Schechter, Skolnick & Associates PA, Minneapolis, MN, Terri Mandel, Law Offices of Terri Mandel, San Mateo, CA, for Plaintiff-Appellant.

Ralph C. Alldredge, Esq. Emeryville, CA, Peter H. Goldsmith, Esq., Legal Strategies Group, Emeryville, CA, for Defendant-Appellee.

Before: PREGERSON, BEAM,* and PAEZ, Circuit Judges.

* The Honorable C. Arlen Beam, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM **

Liberty Energy China, Ltd. ("Liberty Energy") appeals the district court's dismissal with prejudice of its claims alleging violation of fiduciary duties and fraud against Morrison & Foerster in connection with various actions during the incorporation and early stages of Liberty Energy.[1] We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We can affirm the district court's order dismissing the complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Enesco Corp. v. Price/Costco, Inc.,* 146 F.3d 1083, 1085 (9th Cir.1998). In determining whether amendment to a complaint could provide relief to the plaintiff, we examine whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir.1990).

For the first time on appeal, Liberty Energy raises the argument that Liberty Mutual representative Thomas Tuttle was not the sole shareholder of Liberty Energy–an assertion contrary to Liberty Energy's explicit allegation in paragraph 48 of the Complaint–but rather Asia Energy Group was the de facto majority shareholder in Liberty Energy by virtue of a fully-executed Subscription Agreement for 10,000 shares from Liberty Energy.[2] This new argument is both contrary to the ex-

plicit allegations in Liberty Energy's Complaint, and the arguments contained in Liberty Energy's Brief in Opposition to Morrison & Foerster's Motion to Dismiss ("Brief in Opposition") that it filed in the district court. Although both the Complaint and Brief in Opposition recount the factual allegations that Liberty Energy China now argues give rise to a claim that Asia Energy was a de facto shareholder, both are unequivocal that even after these supposedly prerequisite acts for de facto share ownership occurred, Tuttle was still the *sole* shareholder of Liberty Energy. We will not consider this new argument because it was not presented to the district court, is an attempt to circumvent the reasoning of the district court's ruling and is contrary to the explicit allegations of the Complaint. *See Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1488 (9th Cir.1995).

■ We agree with the district court's conclusion that Liberty Energy failed to state a claim that Morrison & Foerster violated fiduciary duties owed to Liberty Energy, or committed fraud in connection with the incorporation and early stages of Liberty Energy. The allegations concerning what fiduciary duties Morrison & Foerster allegedly breached by its conduct are conclusory and insufficient to withstand a challenge under Rule 12(b)(6). *See Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981). Liberty Energy's suggestion that Morrison & Foerster either needed to disclose the allegedly wrongful conduct of the Liberty Mutual executives to Liberty Energy, or withdraw

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the background facts, we do not recite them in detail.

2. Liberty Energy's Motion to Strike Portions of Morrison & Foerster's Brief or to Supplement the Record is denied. The document Liberty Energy seeks to place in the record was not before the district court and cannot be submitted on appeal. *See* FED. R.APP. PROC. 30(a); Ninth Circuit Rule 10–2.

from its dual representation of both entities, makes no logical sense in light of the explicit allegations in the Complaint that the management and sole shareholder of Liberty Energy were Liberty Mutual executives.

Liberty Energy's fraud claim fails for similar reasons. The complete overlap between Liberty Mutual and Liberty Energy makes Liberty Energy's fraud claim nonsensical. The Complaint also fails to allege that Morrison & Foerster knew that the Liberty Mutual executives made a promise that they did not intend to perform, a necessary element of the fraud claim. *See, e.g., Magpali v. Farmers Group, Inc.,* 48 Cal.App.4th 471, 481, 55 Cal.Rptr.2d 225 (Cal.Ct.App.1996). Finally, the fraud claim must be dismissed because although Murray and Bruntjen might have "justifiably relied" on the alleged misrepresentations, it is illogical to allege that Liberty Energy as a corporate entity (the only plaintiff remaining on appeal), could have relied on any misrepresentations to its detriment.

The district court's judgment is

**AFFIRMED.**