MEMORANDUM **
William Prater appeals pro se the district court’s judgment dismissing, pursuant to Fed.R.Civ.P. 12(b)(6), his action alleging that David Ormiston violated the automatic stay in his bankruptcy proceeding when the Ormiston Family Association filed a state court action against him regarding a dispute over an easement across Prater’s property. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir.1996). We affirm.
Prater was granted a discharge in bankruptcy on June 5, 2000. The bankruptcy court granted the trustee’s motion to abandon the property in question on December 19, 2000, and the property was not listed as an asset of the estate on a report filed by the trustee to the bankruptcy court in May, 2001. The Ormiston Family Association filed their state court action on April 25, 2002. Dismissal was proper because at the time of the filing of the state court action, the property in question was no longer part of Prater’s bankruptcy estate. See 11 U.S.C. § 362(c)(1).
The district court did not abuse its discretion in denying Prater leave to amend his complaint. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir.1990).
We deny all pending motions.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.