**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES STORM SHIRLEY, *Plaintiff-Appellant*, v. UNIVERSITY OF IDAHO; COLLEGE OF LAW, at University of Idaho; IDAHO STATE BOARD OF EDUCATION, *Defendants-Appellees*. | No. 14-36108 D.C. No. 3:14-cv-00215-LAB ORDER |

Appeal from the United States District Court
for the District of Idaho
Larry A. Burns, District Judge, Presiding

Submitted to Motions Panel
July 28, 2015

Filed September 10, 2015

Before:  Mary M. Schroeder, William C. Canby, Jr.,
and Alex Kozinski, Circuit Judges.

Order;
Concurrence by Judge Kozinski;
Concurrence by Judge Canby

## SUMMARY[*]

### Dismissal

A motions panel summarily reversed the district court's order denying a motion to file a second amended complaint on the basis that it contained allegations that were irreconcilably contradictory to allegations made in the original complaint and first amended complaint.

The panel held that the allegations in the second amended complaint were not so patently inconsistent with the previous allegations made by the plaintiff, who was proceeding in forma pauperis, as to warrant a screening dismissal under 28 U.S.C. § 1915(e)(2)(B). The panel remanded the case to the district court with instructions to file the proposed second amended complaint and order service on defendants.

Concurring in the judgment, Judge Kozinski wrote that inconsistency, or even direct contradiction, between a current complaint and an earlier one does not render the current complaint legally insufficient under Federal Rule of Civil Procedure 12(b).

Concurring, Judge Canby wrote that the court's precedent is inconsistent on the permissibility of inconsistent pleading, but that there was no need for en banc rehearing in light of the panel's conclusion that the proposed amended complaint was not actually inconsistent with the plaintiff's prior pleadings.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

James Storm Shirley, Bozeman, Montana, pro se Plaintiff-Appellant.

No appearance by Defendants-Appellees.

**ORDER**

On December 18, 2014, the district court denied appellant's motion to amend his complaint a second time and dismissed appellant's claims with prejudice. The district court based the dismissal on its conclusion that the proposed second amended complaint contained allegations that were irreconcilably contradictory to allegations made in the original complaint and first amended complaint.

We summarily reverse, because the allegations in the proposed second amended complaint cited by the district court were not so patently inconsistent with appellant's previous allegations as to warrant a screening dismissal. *See* 28 U.S.C. § 1915(e)(2)(B) (district court shall screen and dismiss an action filed by a plaintiff proceeding in forma pauperis if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

On remand, the district court shall file the proposed second amended complaint and order service on defendants.

**REVERSED and REMANDED.**

KOZINSKI, Circuit Judge, concurring in the judgment:

I write separately to explain what I consider to be the correct standard to review whether an amended complaint may be struck because it is factually inconsistent with a prior complaint in the same case. Inconsistency—even direct contradiction—between a current complaint and an earlier one is not a basis for dismissal. *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007). The fact that the earlier complaint is inconsistent may have collateral consequences in the litigation, including possible sanctions under Rule 11 or undermining the plaintiff's credibility, *id.* at 859 n.2, but it does not render the current complaint legally insufficient under Rule 12(b), *id.* at 860.

The district court relied in part on *Reddy v. Litton Industries, Inc.*, 912 F.2d 291 (9th Cir. 1990), to deny Shirley's motion to amend due to perceived inconsistencies between his proposed complaint and his earlier complaints. *Reddy*, however, addressed a different question: When may a district court grant a motion to dismiss without leave to amend on futility grounds? 912 F.2d at 296. And the unremarkable rule it adopted is that the district court may do so only if it can conceive of no amendment *consistent with the prior pleadings* that would render the complaint sufficient. *Id.* at 296–97. The reason for the underlined limitation is obvious: Absent the *Reddy* standard, a district court would never dismiss with prejudice because it would always hypothesize some amendment, wholly contradicting prior allegations, that would render the complaint sufficient.

Most cases will fall either under the *PAE* rule, where the district court considers the sufficiency of a complaint under 12(b)(6) and inconsistency with prior complaints doesn't

matter, or under *Reddy*, where the court has to hypothesize what a plaintiff might allege in an amendment. When a court reviews a motion for leave to amend that pleads facts inconsistent with prior complaints the *PAE* rule controls, because the rationale of the *Reddy* rule—the need to provide a finite universe of possible complaints to judge futility—is absent. Shirley provided a proposed complaint, so the district court had no reason to hypothesize about what a future amendment might have alleged. The district court should have judged the motion for leave to amend on its own terms—as *PAE* commands—without considering whether the proposed complaint was inconsistent with the prior complaints.

For this reason I concur in the judgment.

CANBY, Circuit Judge, concurring:

I concur in the order of reversal. I write separately only because Judge Kozinski has, and my view of the state of our circuit precedent differs from his.

*Reddy v. Litton Industries, Inc.*, 912 F.2d 291 (9th Cir. 1990), cited by the district court, upheld the dismissal of an insufficient complaint without leave to amend because no amendment consistent with prior pleadings could cure the insufficiency. *Reddy* made its reason clear: "Although leave to amend should be liberally granted, the amended complaint may only allege 'other facts consistent with the challenged pleading.'" *Id.* at 296–97 (quoting *Schreiber Distrib. Co. v. Serv Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). We have cited *Reddy* for this proposition as recently

as *United States v. Corinthian Colleges*, 655 F.3d 984, 985 (9th Cir. 2011).

In my view, *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856 (9th Cir. 2007), is irreconcilable with *Reddy* and its rationale.  *PAE* holds that inconsistency with a prior complaint is not a basis for dismissing a later amended complaint.  *Id.* at 859.  It explains that "[t]he short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations."  *Id.* at 860.

If our decision of the present appeal required us to depend on one or the other view of the permissibility of inconsistent pleading – that of *Reddy* or that of *PAE* – I would feel compelled to call for en banc rehearing to address the inconsistency in our precedent.  *See Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1478–79 (9th Cir. 1987) (en banc).  Happily, there is no need for en banc proceedings and their ensuing delay here, because we have concluded that the proposed amended complaint offered by Shirley was not actually inconsistent with his prior pleadings.  There is accordingly no reason to address the proper rule concerning inconsistent pleadings – a subject that I leave to some future en banc court and upon which I express no opinion.