KOZINSKI, Circuit Judge,
concurring in the judgment:
I write separately to explain what I consider to be the correct standard to review whether an amended complaint may be struck because it is factually inconsistent with a prior complaint in the same case. Inconsistency — even direct contradiction — between a current complaint and an earlier one is not a basis for dismissal. PAE Gov’t Servs., Inc. v. MPRI, Inc., 514 F.3d 856, 859 (9th Cir.2007). The fact that the earlier complaint is inconsistent may have collateral consequences in the litigation, including possible sanctions under Rule 11 or undermining the plaintiffs credibility, id. at 859 n. 2, but it does not render the current complaint legally insufficient under Rule 12(b), id. at 860.
The district court relied in part on Reddy v. Litton Industries, Inc., 912 F.2d 291 (9th Cir.1990), to deny Shirley’s motion to amend due to perceived inconsistencies between his proposed complaint and his earlier complaints. Reddy, however, addressed a different question: When may a district court grant a motion to dismiss without leave to amend on futility grounds? 912 F.2d at 296. And the unremarkable rule it adopted is that the district court may do so only if it can conceive of no amendment consistent with the prior pleadings that would render the complaint sufficient. Id. at 296-97. The reason for the underlined limitation is obvious: Absent the Reddy standard, a district court would never dismiss with prejudice because it would always hypothesize some amendment, wholly contradicting prior allegations, that would render the complaint sufficient.
Most cases will fall either under the PAE rule, where the district court considers the sufficiency of a complaint under 12(b)(6) and inconsistency with prior complaints doesn’t matter, or under Reddy, where the court has to hypothesize what a plaintiff might allege in an amendment. When a court reviews a motion for leave to amend that pleads facts inconsistent with prior complaints the PAE rule controls, because the rationale of the Reddy rule— the need to provide a finite universe of possible complaints to judge futility — is absent. Shirley provided a proposed complaint, so the district court had no reason to hypothesize about what a future amendment might have alleged. The district court should have judged the motion for leave to amend on its own terms — as PAE commands — without considering whether the proposed complaint was inconsistent with the prior complaints.
For this reason I concur in the judgment.