NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELIIHULUHULU, AKA Alfred Napahuelua Spinney,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ELIZABETH ANN STRANCE; et al.,<br><br>Defendants-Appellees. | No. 16-16515<br><br>D.C. No. 1:16-cv-00240-DKW-RLP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Keliihuluhulu, a.k.a. Alfred Napahuelua Spinney, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various federal and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review for an abuse of discretion a dismissal for failure to comply with a court order. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004). We affirm.

Because the record shows that Keliihuluhulu stood on his complaint, the district court abused its discretion in converting its dismissal with leave to amend into a sanction under Federal Rule of Civil Procedure 41(b) for failing to comply with a court order. *See Edwards*, 356 F.3d at 1064-65 (dismissal under Rule 41(b) is not appropriate where the plaintiff makes an affirmative choice not to amend the complaint).

Nevertheless, the district court properly dismissed Keliihuluhulu's action as barred by judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (judges are generally immune from suit for money damages). Because we affirm on the basis of judicial immunity, we do not consider Keliihuluhulu's contention regarding the district court's application of the *Rooker-Feldman* doctrine.

The district court did not abuse its discretion in denying Keliihuluhulu leave to amend his claims to the extent that they were barred by judicial immunity because amendment would have been futile. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (setting forth standard of review and explaining that leave to amend can be denied where amendment would be futile).

16-16515

We reject as without merit Keliihuluhulu's contentions that he is not subject to the laws of the United States or the state of Hawaii.

We do not consider the supplemental evidence that Keliihuluhulu has filed because the submitted evidence was submitted for the first time on appeal.

**AFFIRMED.**