**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IV SOLUTIONS, INC., | No. 20-56132 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-05615-ODW-SK |
| v. | |
| EMPIRE HEALTHCHOICE ASSURANCE, INC., DBA Empire Blue Cross Blue Shield, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted November 19, 2021[**]
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and BOUGH,[***] District Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

IV Solutions, Inc. ("IVS") appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) with prejudice of its First Amended Complaint against Empire Healthchoice Insurance, Inc. ("Empire") for breach of an insurance contract. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. The district court did not err in holding that IVS's claim for breach of an insurance contract was precluded by the statute of limitations. Under California law, the statute of limitations for breach of a written contract is four years. Cal. Civ. Proc. Code § 337(a). "A cause of action for breach of contract accrues at the time of the breach, which then starts the limitations period running." *Cochran v. Cochran*, 56 Cal. App. 4th 1115, 1120 (1997). If the contract does not specify the time within which an act is required to be performed, "a reasonable time is allowed." Cal. Civ. Code § 1657. However, "[i]f the act is in its nature capable of being done instantly—as, for example, if it consists in the payment of money only—it must be performed immediately upon the thing to be done being exactly ascertained." *Id*.

Here, the limitations period began running no later than October 4, 2012, when an Empire employee told an IVS employee that the 2012 claims were denied in error and Empire failed to immediately pay the wrongly denied claims. Cal. Civ. Code § 1657. Because refusing to pay when obligated under a contract is a breach, *Voris v. Lampert*, 7 Cal. 5th 1141, 1156 (2019), Empire breached its

2

contract with IVS by denying the claims for reimbursement. Thus, IVS needed to file this action on or before October 4, 2016, but IVS did not file suit until June 23, 2017. We reject IVS's argument that alleged "iterative processing" changes this result because, as the district court correctly held, IVS "ultimately neglects to address the unambiguous assertion that the claims had, at one point, been denied."

2.    The district court did not abuse its discretion in refusing to provide IVS with a second leave to amend. The district court already granted IVS an opportunity to amend its complaint, and the amended complaint reiterated that IVS learned its claims had been wrongly denied by Empire on October 4, 2012. Subsequent amendments to a complaint must be "consistent with the challenged pleading" and must not "contradict[] any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990) (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Thus, granting leave to amend would be futile because the only way IVS could render its claim timely would be to contradict the allegations in its prior two complaints.

**AFFIRMED.**