Charles FORDJOUR; et al.,
Plaintiffs—Appellants,

v.

SOUTHWALL TECHNOLOGIES, INC.,
sued in their corporate capacities;
et al., Defendants—Appellees.

No. 04–16146.

D.C. No. CV–02–00032–ROS.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2004.*

Decided March 3, 2005.

Charles Fordjour, Avenal, CA, pro se.

Angela Fordjour, Tempe, AZ, pro se.

Janice Procter–Murphy, Fennemore Craig, P.C., Phoenix, AZ, for Defendants–Appellees.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Plaintiffs–Appellants Charles and Angela Fordjour (the "Fordjours") appeal pro se the District Court's dismissal with prejudice of their action against Angela's former employer, Southwall Technologies, Inc., and others (collectively, Defendant–Appellee "Southwall"), pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Because the District Court did not abuse its discretion in dismissing the Fordjours' action under Rule 41(b), we affirm.

The District Court properly exercised its discretion by allowing the Fordjours several opportunities to amend their complaint and providing ample notice that failure to comply with court orders would result in dismissal. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987). Specifically, in a case involving plaintiffs, like the Fordjours, "[who] given the opportunity to amend [their complaint] or be dismissed, did *nothing,*" as opposed to "mak[ing] an affirmative *choice* not to

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

amend, and clearly communicat[ing] that choice to the court," a Rule 41(b) dismissal is the appropriate sanction. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir.2004).

■ In addition, the District Court properly dismissed with prejudice the Fordjours' wage claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted; there exists no legal basis for suing Southwall under the Fair Labor Standards Act and any amendment to the claim would have been futile. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990). The Court also properly dismissed the Fordjours' Motion for a New Trial and Motion to Vacate and Set Aside Judgment under Rules 59 and 60 of the Federal Rules of Civil Procedure because nothing in the record reflects any evidence of "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(1), (6). All remaining motions lack merit and were properly denied.

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.