UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES L. ADKINS, | No. 11-17543 |
| Plaintiff - Appellee, | D.C. No. 1:09-cv-00029 |
| v. | |
| ALICIA G. LIMTIACO, Attorney General of Guam, | MEMORANDUM[*] |
| Defendant, | |
| D. B. ANCIANO; SERAFINO ARTUI; GUAM POLICE DEPARTMENT; JOHN F. TAITANO; JESSE P. RODRIGUEZ, | |
| Defendants, | |
| and | |
| PAUL SUBA, (former) Chief of Guam Police Department, | |
| Defendant - Appellant. | |

| | |
|---|---|
| JAMES L. ADKINS, | No. 11-17545 |
| Plaintiff - Appellee, | D.C. No. 1:09-cv-00029 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

ALICIA G. LIMTIACO, Attorney General
of Guam; PAUL SUBA, (former) Chief of
Guam Police Department; GUAM
POLICE DEPARTMENT; JOHN F.
TAITANO; JESSE P. RODRIGUEZ,

Defendants,

and

D. B. ANCIANO; SERAFINO ARTUI,

Defendants - Appellants.

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted June 13, 2013
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Guam police officers D.B. Anciano, Serafino Artui and Paul Suba appeal the

district court's denial of their motions to dismiss James L. Adkins' 42 U.S.C.

§ 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      The district court did not err in allowing Adkins to amend his Second

Amended Complaint. Leave to amend should be granted liberally, so long as the

amended complaint alleges facts consistent with the challenged pleading. *See*

*Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990). The Third Amended Complaint does not conflict with Adkins' earlier complaints or with other documents Adkins filed. **Docket No. 42 at 3; Docket No. 83 at 12–13; Docket No. 89 at 3–4;** *see generally* **Docket Nos. 41, 42.** Specifically, Adkins' initial allegation that he saw an accident and stopped to photograph it does not necessarily contradict his later allegation that he pulled over after seeing the accident but before taking pictures.

2. The district court also correctly denied qualified immunity to Anciano and Artui. We must consider whether Adkins suffered a violation of his constitutional rights and whether those rights were clearly established at the time of his arrest. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Adkins has pled adequately a violation of his Fourth Amendment rights. The officers did not have a valid reason to stop Adkins, to detain him, to order him to turn over his cell phone, to order him out of his car or to arrest him. Construing the complaint in Adkins' favor, as we must, it is clear that he did not commit a traffic infraction. *Cf. Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977) (per curiam) (driving with expired license tags justified "initial restrictions on respondent's freedom of movement"). Nor did the police have a "reasonable belief that criminal or otherwise dangerous activity [wa]s afoot," *Duran v. City of*

3

*Douglas*, 904 F.2d 1372, 1377 (9th Cir. 1990), so there was no valid *Terry* stop. *See Liberal v. Estrada*, 632 F.3d 1064, 1077 (9th Cir. 2011). Thus, Adkins had the "right to ignore the police and go about his business." *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000). This right was clearly established in October 2009. *Id.*

Adkins also adequately pled a violation of his First Amendment rights. In order to state a claim for a First Amendment violation, a plaintiff must allege (1) that he was engaged in a constitutionally protected activity, (2) that the officers' actions would chill a person of ordinary firmness from continuing to engage in that activity and (3) that the protected activity was a substantial or motivating factor in the officers' conduct. *See Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300–01 (9th Cir. 1999). Here, Adkins alleged that he was engaged in constitutionally protected First Amendment activity when he asserted his right to take photos. *See City of Houston v. Hill*, 482 U.S. 451, 461 (1987) ("[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers."). Adkins also alleged that the officers' actions would chill a person of ordinary firmness from criticizing the police; arrest without probable cause is an adequate chill. *See Beck v. City of Upland*, 527 F.3d 853, 870–71 (9th Cir. 2008). Finally, Adkins alleged that the officers' "desire to cause the chilling effect was a but-for cause" of Adkins' arrest, *see Skoog v. Cnty. of*

4

*Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006), and that there was no probable cause to arrest him, *see Reichle v. Howards*, 132 S.Ct. 2088, 2094–95 (2012). Adkins' First Amendment rights were clearly established at the time of his arrest. *See Hill*, 482 U.S. at 462–63; *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995).

3.      Adkins failed to plead adequately a claim of supervisory liability against Suba.  To assert a successful claim of supervisor liability, Adkins must plead that Suba, through his "own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Adkins' general allegations of deliberate indifference do not suffice to state a claim. *Id.* at 680–81 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55, 570 (2007)); *see also Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011).  His two allegations with respect to Suba's knowledge of the incident likewise do not show that Suba knew or should have known that the police department retained or tampered with Adkins' cell phone after his arrest, or that Suba acquiesced in an unconstitutional arrest for failure to comply.  Accordingly, Adkins' complaint falls short of the allegations found sufficient to proceed on a claim of supervisor liability. *See Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).  Therefore, we REVERSE the district court's

5

finding that the complaint is sufficient to state a claim of supervisory liability against Suba and REMAND for amendment of the complaint.

**AFFIRMED IN PART; REVERSED IN PART.**